UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERESA MILLER,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART, INC.,<br><br>    Defendant. | Case No. 2:23-cv-00079-GMN-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>RE: ECF Nos. 21, 27 |

    Pending before the Court is Defendant Walmart, Inc.'s Motion to Dismiss Plaintiff's Claims Pursuant to F.R.C.P. 41(b) (ECF 21) filed on November 7, 2023, Notice of Non-Opposition to Defendant Walmart, Inc.'s Motion to Dismiss filed on December 13, 2023 (ECF 24), and Motion for Consideration to Stop Motion for Dismissal filed on December 15, 2023 (ECF No. 27). Also on December 15, 2023, the undersigned entered an Order finding Plaintiff contended she had not received any court orders between August 21 and December 14, 2023. ECF No. 28. As a result, the Court ordered the Clerk of Court to update Plaintiff's address on the docket and mail Plaintiff a copy of Defendant's Motion to Dismiss. *Id.* The Court's Order also provided Plaintiff through and including January 5, 2024 to file a response to the Motion to Dismiss. *Id*.

    Despite additional time to file an opposition to Defendant's Motion to Dismiss, Plaintiff did not do so. *See* Docket, *generally*. A review of Plaintiff's Motion for Consideration shows she offers no substantive argument of any kind in opposition to the basis upon which Defendant seeks dismissal. ECF No. 27. Instead, Plaintiff discussed concerns about the counsel she hired and with whom she was dissatisfied. *Id*. at 2-3. Plaintiff also asks the Court for "full recovery" offering nothing to support the request. *Id*. at 3.

    Under United States District Court for the District of Nevada Local Rule 7-2(d), the Court may treat Plaintiff's failure to file substantive points and authorities in opposition to a motion as consent to grant the motion. *See also Duensing v. Gilbert*, Case No. 2:11-cv-01747-GMN-VCF, 2013 WL 1316890 (D. Nev. Mar. 1, 2013) (failing to respond to defendant's arguments on the issue

1

constituting consent to the granting of the motion); *Schmitt v. Furlong*, Case No. 3:11-cv-00602-LRH-VPC, 2013 WL 432632 (D. Nev. Feb. 4, 2013) (failure to argue against substantive due process violations indicated consent to granting summary judgment); *Gudenavichene v. Mortgage Elec. Registration Sys.*, Case No. 2:12-cv-82 JCM (GWF), 2012 WL 1142868 (D. Nev. Apr. 4, 2012) (plaintiff's failure to respond to any of the arguments raised in the motion to dismiss constituted consent to granting the motion). Plaintiff's pro se status neither relieves her from complying with nor protects her from the application of the Federal Rules of Civil Procedure. *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986).

Accordingly, and based on the foregoing, IT IS HEREBY RECOMMENDED that Defendant's Motion to Dismiss (ECF No. 21) be GRANTED.

IT IS FURTHER RECOMMENDED that Plaintiff's Motion for Consideration to Stop Motion for Dismissal (ECF No. 27) be DENIED as moot.

DATED this 29th day of January, 2024.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).